**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-80010-CIV-SMITH/MATTHEWMAN**

JIMMY HO,

    Petitioner,
vs.

SECRETARY OF DEPARTMENT OF
CORRECTIONS, STATE OF FLORIDA,

    Respondent.
_____/

**<u>ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE</u>**

This matter is before the Court on the Magistrate Judge's Report and Recommendation on Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Report") [DE 17] and Petitioner's Objections [DE 18]. The Magistrate Judge found that the Petition was untimely, an evidentiary hearing was unnecessary, and Petitioner failed to establish any grounds for relief. Thus, the Magistrate Judge recommends denying Petitioner's § 2254 Petition. Petitioner has objected to all of these findings. For the reasons set forth below, the Court affirms and adopts the Report and overrules Petitioner's Objections.

Under Rule 4(b) of the Magistrate Judge Rules of the Southern District of Florida, written objections to a Report and Recommendation "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority." *See also Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (stating that an objection to a magistrate judge's findings and recommendations "shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection") (citation omitted).

Petitioner first objects to the finding that an evidentiary hearing was not necessary. Petitioner argues that any allegation that counsel acted in a certain manner is a factual dispute and requires an evidentiary hearing. Petitioner's objection, however, fails to point to any specific factual dispute that would require an evidentiary hearing. Nor has Petitioner provided any supporting legal authority for this proposition. Moreover, counsel's actions are clear from the record. Accordingly, this objection is overruled.

Next, Petitioner objects to the finding that his Petition is untimely. Essentially, Petitioner's entire objection is that he "objects to any finding that he was required to seek discretionary review on the motion to suppress issue, when the other three issues had been affirmed without opinion." (Obj. at 2). Petitioner does not cite to a single legal authority to support his position. In other words, Petitioner has failed to set forth the specific basis for his objection and has failed to set out any supporting legal authority. Accordingly, the objection is inadequate. Moreover, in the Report, the Magistrate Judge specifically notes that Petitioner failed to provide any case law to support his argument that the Florida Supreme Court did not have jurisdiction over the entirety of his case because the Fourth District Court of Appeal's opinion constituted a *per curiam* affirmance as to three of the issues he appealed and an elaborated written opinion as to one of the issues. (R. & R. at 13 & n.6.) Thus, Petitioner was aware that he needed to provide the Court with legal authority to support this proposition. He has not. Therefore, Petitioner's objection is overruled. Consequently, having reviewed the Report and the record *de novo* and Petitioner's inadequate objection, the Court finds that Petitioner's Petition is untimely.

Although the Magistrate Judge found the Petition untimely, he also addressed Petitioner's substantive claims. Petitioner has raised objections to findings regarding each of his claims. Having found that the Petition was untimely, the Court need not address these objections. However, it will in the interest of efficiency.

As to Claim 1, Petitioner objects to three findings in the Report: (1) the finding that he waived and failed to exhaust this claim because he failed to raise a federal issue on his direct appeal; (2) the finding that the evidence would have clearly permitted a rational trier of fact to find him guilty of premeditated murder and kidnapping beyond a reasonable doubt; and (3) the finding that the Fourth District Court of Appeal did not make an objectively unreasonable decision in affirming the trial court's denial of Petitioner's motions of judgment of acquittal. The second and third objections as to Claim 1 are nothing more than conclusory statements, lacking both the required specificity for such objections and supporting legal authority. Thus, these objections are overruled as deficient.

Turning to the first objection regarding the Report's findings on Claim 1, Petitioner maintains that, while counsel did not explicitly raise a federal issue, counsel argued the same standard used by federal courts and thus he did not waive or fail to exhaust this issue. However, Petitioner has failed to provide any authority that this is sufficient to raise a federal claim. Further, Eleventh Circuit law is clear that to raise a federal claim it is not "sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 457 (11th Cir. 2015) (quoting *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1343-44 (11th Cir.2004)). "The crux of the exhaustion requirement is simply that the petitioner must have put the state court on notice that he intended to raise a federal claim." *Preston*, 785 F.3d at 457. Petitioner points to nothing in the record indicating that the state court was put on notice that he intended to raise a federal claim. Therefore, this objection is overruled.

As to Claim 2, Petitioner objects to the finding that he has not established either deficient performance or prejudice from his attorney's failure to have him evaluated for competency. Petitioner argues that without an evidentiary hearing, which would provide specific factual details

3

about his mental state throughout the case, he cannot satisfy the required showing under *Strickland v. Washington*, 466 U.S. 668 (1984).[1]  However, this objection also does not meet the requirements for a proper objection.  Petitioner has failed to identify the specific portions of the Magistrate Judge's findings to which objection is made, has failed to identify the specific basis for such objection, and has failed to identify supporting legal authority.  Instead, Petitioner simply argues that the Magistrate Judge erred in finding Petitioner's allegations conclusory and in denying an evidentiary hearing.  Additionally, any specific factual details that Petitioner believes would have been disclosed at an evidentiary hearing could have, and should have, been raised in his papers.  Accordingly, this deficient objection is overruled.

As to Claim 3, Petitioner objects to the Magistrate Judge's conclusion that Petitioner did not satisfy the two prongs of *Strickland*.  However, Petitioner's objection, focuses only on the performance prong of *Strickland* and does not address how he was prejudiced.  Petitioner must meet both prongs of *Strickland* to succeed on an ineffective assistance of counsel claim, not just one.  Therefore, even if this objection had merit, Petitioner's claim would still fail.  Consequently, this objection is overruled.

As to Claim 4, Petitioner merely states that he objects and that he has provided specific details and facts that, if proven, would support a finding of deficient performance under *Strickland*. Again, this objection is deficient; it does not set forth with specificity the portions of the proposed

---

[1] Under *Strickland*, in order to establish an ineffective assistance of counsel claim, Petitioner must prove that: (1) counsel's representation of Petitioner fell below an objective standard of reasonableness and (2) the deficient performance prejudiced Petitioner.  *See Strickland*, 466 U.S. at 687-88.  Under the first prong of the *Strickland* standard, Petitioner bears a heavy burden: he "must establish that no competent counsel would have taken the action that his counsel did take." *Chandler v. U.S.*, 218 F.3d 1305, 1315 (11th Cir. 2000) (citation and footnote omitted).  Under the second prong, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

4

findings, recommendations or report to which objection is made, the specific basis for such objections, or any supporting legal authority. Thus, this objection is overruled.

As to Claim 5, Petitioner objects to the Magistrate Judge's finding that: (1) the trial court properly disposed of the issue of the incomplete law enforcement surveillance video by declining to view it as a *Richardson*[2] issue and instead viewing it as a destroyed evidence issue and (2) Petitioner made no showing that the trial court's findings rendered Petitioner's trial fundamentally unfair. Before addressing the merits of this objection, the Court notes that the Magistrate Judge found that Petitioner previously raised this issue in his petition alleging ineffective assistance of appellate counsel filed in the Fourth District Court of Appeal and the petition was denied by the appellate court. Petitioner has not objected to these factual findings. Because the state appellate court already addressed this issue, this Court must apply a "double deference" standard in evaluating Petitioner's claim. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011) (stating "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so.") (internal citations omitted); *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (stating "[d]ouble deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.") (citation omitted).

Petitioner maintains that the Magistrate Judge applied the wrong standard in making these findings. Petitioner argues that the appropriate analysis is if appellate counsel had presented the arguments on appeal would the outcome have been different. Petitioner's objection, however,

---

[2] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971). *Richardson* requires the trial court to conduct an inquiry into the surrounding circumstances when the state has violated its discovery obligations. *Id.* at 775.

assumes that appellate counsel's failure to raise the *Richardson* argument on appeal was deficient; it also assumes that appellate counsel would have prevailed if he had raised the argument. Plaintiff has not shown that appellate counsel's decision not to raise the *Richardson* issue was deficient. It is up to counsel's professional judgment to decide which arguments to raise on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). In other words, counsel need not raise every nonfrivolous argument on appeal. *See id.* Further, Petitioner has not shown that he was prejudiced by appellate counsel's failure to raise this issue because he has not demonstrated that counsel would have prevailed. Thus, Petitioner has failed to meet his burden of establishing ineffective assistance of appellate counsel based on counsel's failure to raise the *Richardson* issue. Further, Petitioner's showing cannot overcome the double deference standard required for an ineffective assistance of counsel claim already ruled on by the state appellate court. Accordingly, this objection is overruled.

Finally, Petitioner objects to the Magistrate Judge's recommendation that no Certificate of Appealability issue. To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Jones v. Sec'y*, 607 F.3d 1346, 1349 (11th Cir. 2010) (quotation omitted). Here, Petitioner argues that reasonable jurists would disagree with the Magistrate Judge's findings but offers nothing more than this conclusory statement. Thus, Petitioner has not made the requisite showing.

Having reviewed, *de novo*, the Report of Magistrate Judge, Petitioner's Objections, and the record, it is

**ORDERED** that:

1) The Report of Magistrate Judge [DE 17] is **AFFIRMED and ADOPTED** and incorporated by reference into this Court's Order.

2) Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody [DE 1] is **DISMISSED**.

3) Petitioner's Objections [DE 18] are **OVERRULED.**

4) All pending motions not otherwise ruled upon are **DENIED as moot.**

5) A Certificate of Appealability is **DENIED.**

6) This case is **CLOSED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 5th day of January, 2021.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record